IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT COLUMBIA

| | |
|---|---|
| GREGORY BRASFIELD, | ) |
| | ) Case No. 1:23-cv-00038 |
| v. | ) |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY | ) |

To: The Honorable William L. Campbell, Jr., United States District Judge

## REPORT AND RECOMMENDATION

Plaintiff Gregory Brasfield filed this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision of the Social Security Administration ("SSA") denying him supplemental security income ("SSI") under Title XVI of the Social Security Act (the "Act"). The case is currently pending on Plaintiff's motion for judgment on the administrative record (Docket No. 10),[1] to which Defendant SSA has responded (Docket No. 12). This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b) for initial consideration and a report and recommendation. (Docket No. 4.)

Upon review of the administrative record as a whole and consideration of the parties' filings, the undersigned Magistrate Judge respectfully recommends that Plaintiff's motion (Docket No. 10) be GRANTED, the SSA's decision be REVERSED, and this matter be REMANDED for further proceedings.

---

[1] Plaintiff's motion includes an embedded supporting memorandum of law rather than a separately filed one as required by Local Rule 7.01(a)(2).

## I. INTRODUCTION

On June 14, 2021, Plaintiff proactively filed an application for SSI. (Transcript of the Administrative Record (Docket No. 7) at 23).[2] In his applications, Plaintiff asserted that, as of the alleged onset date of June 14, 2021,[3] he was disabled and unable to work due to alcoholic liver disease; hepatic cirrhosis; anemia and fatigue; pedal edema; thrombocytopenia; anxiety; cellulitis in the left thigh; back pain; left thumb popping; and blood pressure problems. (AR 285.) The claims were denied initially on November 11, 2021 and upon reconsideration on March 2, 2022. (AR 23.) On October 6, 2022, Plaintiff appeared with a non-attorney representative and testified at a telephone hearing conducted by ALJ Elizabeth P. Neuhoff. (AR 37–58.) On October 17, 2022, the ALJ denied the claim. (AR 23–32.) On April 25, 2023, the Appeals Council denied Plaintiff's request for review of the ALJ's decision, thereby making the ALJ's decision the final decision of the SSA. (AR 6–9.) Plaintiff then timely commenced this civil action, over which the Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

---

[2] The Transcript of the Administrative Record is hereinafter referenced by the abbreviation "AR" followed by the corresponding Bates-stamped number(s) in large black print in the bottom right corner of each page.

In addition to SSI, Plaintiff also originally filed for disability insurance benefits ("DIB") under Title II of the Act, but Plaintiff's non-attorney representative indicated at the hearing that the DIB application should be dismissed, which the ALJ accepted. (AR 44–45.)

[3] Plaintiff originally alleged an onset date of July 15, 2015. However, during the hearing on October 6, 2022, Plaintiff requested that the onset date be amended to June 14, 2021, which the ALJ accepted. (AR 15.)

## II. THE ALJ'S FINDINGS

In her October 17, 2022 unfavorable decision, the ALJ included the following enumerated findings:

1. The claimant has not engaged in substantial gainful activity since the amended onset date of June 14, 2021, which is also the filing date (20 CFR 404.1571 *et seq*., and 416.971 *et seq*.).

2. The claimant has the following severe impairments: chronic liver disease due to alcohol use; thrombosis; hemostasis and osteoarthritis (20 CFR 404.1520(c) and 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work. Specifically, the claimant is able to lift and carry 20 pounds occasionally and 10 pounds frequently; he is able to sit, stand, and walk 6 hours total each; he is able to frequently balance, and he is able to occasionally perform all other postural activities.

5. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

6. The claimant was born on September 2, 1976 and was 38 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

7. The claimant has at least a high school education (20 CFR 404.1564 and 416.964).

8. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569a, 416.969, and 416.969a).

10. The claimant has not been under a disability, as defined in the Social Security Act, from the filing date of June 14, 2021, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(AR 26–31.)

## III. REVIEW OF THE RECORD

The parties and the ALJ, in combination, have thoroughly summarized and discussed the medical and testimonial evidence of the administrative record. Accordingly, the Court will discuss those matters only to the extent necessary to analyze the parties' arguments.

## IV. DISCUSSIONS AND CONCLUSIONS OF LAW

### A. Standard of Review

The determination of disability under the Act is an administrative decision. The only questions before this Court upon judicial review are: (1) whether the SSA's decision is supported by substantial evidence, and (2) whether the proper legal criteria were applied to the SSA's decision. *Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 833 (6th Cir. 2016) (quoting *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009)). The SSA's decision must be affirmed if it is supported by substantial evidence, "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Blakley,* 581 F.3d at 406 (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Substantial evidence is defined as "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir. 2007); *LeMaster v. Weinberger*, 533 F.2d 337, 339 (6th Cir. 1976) (quoting Sixth Circuit opinions adopting language substantially like that in *Richardson*).

The SSA utilizes a five-step sequential evaluation process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a). If the issue of disability can be resolved at any point during the evaluation, the ALJ does not proceed to the next step and the claim is not reviewed further. *Id*. First, if the claimant is engaged in substantial gainful activity, she is not disabled. *Id.*

4

Second, if the claimant does not have a severe medically determinable impairment that meets the 12-month durational requirements, he is not disabled. *Id.* Third, if the claimant suffers from a listed impairment, or its equivalent, for the proper duration, he is presumed disabled. *Id.* Fourth, if the claimant can perform relevant past work based on his residual functional capacity ("RFC"), which is an assessment of "the most you [the claimant] can still do despite your limitations," 20 C.F.R. § 404.1545(a)(1), he is not disabled. *Id.* Fifth, if the claimant can adjust to other work based on his RFC, age, education, and work experience, he is not disabled. *Id.* The claimant bears the burden of proof through the first four steps, while the burden shifts to the SSA at step five. *Johnson v. Comm'r of Soc. Sec.*, 652 F.3d 646, 651 (6th Cir. 2011) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004)).

The Court's review of the SSA's decision is limited to the record made in the administrative hearing process. *Jones v. Sec'y of Health & Human Servs.*, 945 F.2d 1365, 1369 (6th Cir. 1991). A reviewing court may not try a case *de novo*, resolve conflicts in evidence, or decide questions of credibility. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citing *Myers v. Richardson*, 471 F.2d 1265, 1268 (6th Cir. 1972)). The Court must accept the ALJ's explicit findings and determination unless the record is without substantial evidence to support the ALJ's determination. *Houston v. Sec'y of Health & Human Servs.*, 736 F.2d 365, 366 (6th Cir. 1984).

**B.     The ALJ's Five-Step Evaluation of Plaintiff**

In the instant case, the ALJ resolved Plaintiff's claim at step three of the five-step process. The ALJ found that Plaintiff met the first two steps: (1) he had not engaged in substantial gainful activity since the amended alleged onset date, which was also the filing date and (2) his impairments of "chronic liver disease due to alcohol use; thrombosis; hemostasis and

5

Case 1:23-cv-00038   Document 13   Filed 10/13/23   Page 5 of 14 PageID #: 557

osteoarthritis" were severe.[4] (AR 26–27.) However, the ALJ determined at step three that Plaintiff was not presumptively disabled because he did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR 27.) At step four, the ALJ determined that Plaintiff had the RFC to perform light work. (AR 27–30.) At step five, the ALJ determined that Plaintiff could not perform past relevant work but could perform work as a housekeeper/cleaner, merchandise marker, and sales attendant. (AR 30–31.) Therefore, the ALJ concluded that Plaintiff was not under a disability at any time from June 14, 2021 through October 17, 2022, the date of the decision. (AR 31–32.)

## C. Plaintiff's Assertion of Error

Plaintiff sets forth one assertion of error: the ALJ improperly evaluated Plaintiff's disabling symptoms. (Docket No. 10-1 at 6–9.) Accordingly, Plaintiff requests that this case be remanded for further consideration under sentence four of 42 U.S.C. § 405(g), which allows a district court to enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

If the case contains an adequate record, "the [SSA's] decision denying benefits can be reversed and benefits awarded if the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking." *Hudson-Kane v. Berryhill*, 247 F. Supp. 3d 908, 914 (M.D. Tenn. 2017) (quoting *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985)). However, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's

---

[4] The ALJ found that Plaintiff's alcohol use disorder, gallstones, spider bite, and anxiety disorder did not cause more than minimal limitation to Plaintiff's ability to perform basic work activities and were, accordingly, non-severe impairments. (AR 26–27.)

entitlement to benefits." *Holtman v. Saul*, 441 F. Supp. 3d 586, 609 (M.D. Tenn. 2020) (quoting *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994)). The Court now turns to Plaintiff's assertions of error.

    **1.    The ALJ's Evaluation of Plaintiff's Disabling Symptoms.**

Plaintiff contends that the ALJ "failed to properly weigh the evidence related to his disabling symptoms." (Docket No. 10-1 at 5.) "An individual's statements as to pain or other symptoms will not alone establish that [he is] disabled." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997) (internal citation omitted) (cleaned up). Rather, when an individual alleges impairment-related symptoms,[5] the ALJ must evaluate those symptoms using a two-step process. SSR 16-3p, 2017 WL 5180304, at *2. First, the ALJ considers whether there is an underlying medically determinable impairment that could reasonably be expected to produce an individual's symptoms. *Id.* at *3. Second, if an impairment is established, the ALJ must then determine the intensity and persistence of the symptoms and the extent to which the symptoms limit an individual's ability to perform work-related activities. *Id.*

In considering the intensity, persistence, and limiting effects of symptoms, the ALJ must examine the "entire case record," which includes objective medical evidence, the individual's own statements, information from medical sources, and "any other relevant evidence" in the record. *Id.* at *4. The ALJ must also consider the following factors: (1) daily activities; (2) the location, duration, frequency, and intensity of the alleged pain or other symptoms; (3) any precipitating or aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication; (5) the

---

[5] A "symptom" is defined as an individual's own description or statement of his impairment. SSR 16-3p, 2017 WL 5180304, at *2.

claimant's non-medication treatment; (6) any measures other than treatment the claimant employs to relieve pain or other symptoms; and (7) "other evidence." *Id.* at *7–8.

The consistency of an individual's statement about the intensity, persistence, and limiting effects of symptoms is also important.[6] If an individual's statements are *consistent* with the objective medical evidence, it is *more* likely that those symptoms have reduced the capacity to perform work-related activities. *Id.* at *8. On the other hand, if an individual's statements are *inconsistent* with the objective medical evidence, it is *less* likely that those symptoms have reduced the capacity to perform work-related activities. *Id.* Consistency is determined by reviewing an individual's statements when seeking disability benefits, statements at other times, and attempts to seek and follow medical treatment. *Id.* at *8–9. An analysis of treatment history may include a consideration of an individual's ability to afford treatment, access to low-cost medical services, and/or relief from over-the-counter medications, among other information. *Id.* at *9.

The ALJ's determination must contain specific reasons for the weight given to the individual's symptoms that are clearly articulated so that the individual and the subsequent reviewer can assess how the ALJ evaluated the individual's symptoms. *Id.* at *10. However, the

---

[6] The precursor to SSR 16-3p, SSR 96-7p, required the ALJ to make a "credibility" determination based on the claimant's statements regarding the limiting effects of his alleged symptoms. 1996 WL 374186 at *3 (July 2, 1996). Although the Commissioner removed any reference to "credibility" in SSR 16-3p, there is no substantive change in the ALJ's analysis, and the case law pertaining to credibility evaluations under SSR 96-7p remains applicable. *See Dooley v. Comm'r of Soc. Sec.*, 656 F. App'x 113, 119 n.1 (6th Cir. 2016) (noting that SSR 16-3p removed the term "credibility" only to "clarify that subjective symptom evaluation is not an examination of an individual's character"); *see also Young v. Berryhill*, No. 3:17-cv-395, 2018 WL 1914732, at *6 (W.D. Ky. April 23, 2018) ("The analysis under SSR 16-3p otherwise is identical to that performed under SSRI 96-7p."). As noted by a sister district court, reviewing courts have therefore largely "decline[d] to engage in verbal gymnastics to avoid the term credibility where usage of the term is most logical." *Pettigrew v. Berryhill*, No. 1:17-cv-1118, 2018 WL 3104229, at *14, n.14 (N.D. Ohio June 4, 2018), *report and recommendation adopted*, 2018 WL 3093696 (N.D. Ohio June 22, 2018).

Sixth Circuit has held that an ALJ's credibility determination is "essentially unchallengeable" and must be affirmed so long as the findings are "reasonable and supported by substantial evidence." *Hernandez v. Comm'r of Soc. Sec.*, 644 F. App'x 468, 476 (6th Cir. 2016). *See also Calvin v. Comm'r of Soc. Sec.*, 437 F. App'x 370, 371 (6th Cir. 2011) (courts must accord "great weight and deference" to an ALJ's determination regarding the consistency of a claimant's allegations); *Daniels v. Comm'r of Soc. Sec.*, 152 F. App'x 485, 488 (6th Cir. 2005) (claimants seeking to overturn the ALJ's decision still "face an uphill battle").

The Court finds that the ALJ's determination concerning the consistency of Plaintiff's allegations is not supported by substantial evidence. In her decision, the ALJ found that Plaintiff's statements regarding the intensity, persistence, and limiting effect of his symptoms were not "entirely consistent" with the medical evidence and other evidence in the record. (AR 28.) However, the ALJ offers very few reasons for this conclusion. The ALJ did not "build an accurate and logical bridge" to make clear to this Court the rationale for discounting Plaintiff's credibility. *See Tucker v. Comm'r of Soc. Sec.*, No. 1:22-cv-00001, 2023 WL 309392, at *7 (M.D. Tenn. Jan. 18, 2023) ("[E]ven though [t]he ALJ is not required to address every piece of evidence or testimony presented, . . . [s]he must provide a logical bridge between the evidence and [her] conclusions.") (internal quotations omitted) (quoting *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio Mar. 1, 2011)); *Bailey v. Comm'r of Soc. Sec.*, 173 F.3d 428, at *4 (6th Cir. Feb. 2, 1999) (table) ("The ALJ's decision must 'follow an orderly pattern and show clearly how specific evidence leads to a conclusion.'") (quoting SSR 82-62).

In support of her credibility finding, the ALJ cited records from treating medical providers at Maury Regional Health and Maury Regional Medical Center. (AR 28–29.) According to the ALJ, these records indicate that, in March 2020, x-ray imaging of Plaintiff's right shoulder showed

9

"mild" osteoarthritis; in November 2020, ultrasound imaging of Plaintiff's upper abdominal area showed "diffuse hepatic fatty infiltration and mild splenomegaly" and an examination showed "normal" cardiovascular function, psychiatric function, memory, and sensory function; in December 2020, Plaintiff was recommended to start "aerobic exercise"; and, in May 2021, Plaintiff presented to the emergency department after experiencing a spider bite, where he had "worsening" thrombocytopenia and admitted that he drank beer daily at the level of 8 beers per day. (*Id.* (citing AR 384, 408, 437, 471, 483).)

The ALJ also cited six medical opinions to support her credibility finding, four of which she found persuasive and two of which she did not find persuasive. (AR 29.) State agency psychological consultants Dr. Richard Milan and Dr. Catherine Blusiewicz opined that Plaintiff's mental impairments "caused no more than minimal limitations" and were "nonsevere," which the ALJ found to be persuasive because the opinions were consistent with the record and with the "generally negative psychological findings on examination." State agency medical consultants Dr. George Walker and Dr. Bert Spetzler opined on Plaintiff's exertional and postural limitations, which the ALJ found to be persuasive because the opinions were "consistent with the record and the testimony." Physical therapist Leslie Wade administered a functional capacity assessment to Plaintiff in January 2021 and opined that Plaintiff could perform work at the light-medium exertional level, though the test results suggested that Plaintiff exerted "poor effort." The ALJ found the opinion to not be persuasive because "validity testing during this examination showed questionable effort." Treating physician Dr. Jawaid Kamal told Plaintiff that he was unlikely to be considered disabled because of his functional capacity assessment results. The ALJ found the opinion to not be persuasive because it did not offer any functional limitations, but rather answered a question reserved for the Commissioner.

Despite providing this evidence, the ALJ failed to articulate *how* this information denigrated the consistency of Plaintiff's statements concerning his symptoms. Plaintiff argues that the ALJ did not "state with any specificity" the evidence upon which the ALJ relied to find that Plaintiff's symptoms were not disabling. (*Id.* at 7.) The Court largely agrees. The ALJ did not provide specific reasons for finding that Plaintiff's statements regarding his pain were not credible. As the Sixth Circuit has stated, "blanket assertions that the claimant is not believable will not pass muster." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 248 (6th Cir. 2007).

For example, the Court is left to assume that Plaintiff's "mild" osteoarthritis in March 2020 and "normal" functioning in November 2020 are inconsistent with Plaintiff's statements about his symptoms. However, the only statement that the ALJ references from Plaintiff is that he "alleges disability since a spider bite that made him very ill." (AR 28.) It is unclear if the ALJ believes that the cited medical records are inconsistent with that statement, particularly when the spider bite occurred over one year after those particular records were made. (AR 28–29.) The Court is similarly unable to determine whether or how the ALJ believes the medical opinions are inconsistent with Plaintiff's statements about his symptoms. The ALJ provides no explanation aside from describing the opinions and briefly explaining why she did or did not find the opinions to be persuasive.

Furthermore, although the ALJ did not explicitly refer to Plaintiff's hearing testimony when analyzing the consistency of Plaintiff's allegations about his symptoms, the ALJ referenced some of the testimony at an earlier point in the decision. According to the ALJ, Plaintiff testified that he "has had sobriety since his spider bite in 2021" (AR 26); "resides with his 90 year old grandmother and his 73 year old uncle" (AR 28); and "helps them out and . . . mows and performs

11

other chores such as preparing meals" (*id.*). Plaintiff takes issue with the fact that the ALJ did not reference any other portions of Plaintiff's testimony.

Although the ALJ is not required to address every portion of Plaintiff's testimony, *see Collier v. Comm'r of Soc. Sec. Admin.*, No. 3:16–cv–02077, 2018 WL 2193965, at * 2 (M.D. Tenn. May 14, 2018) (quoting *Getch v. Astrue*, 539 F.3d 473, 480 (7th Cir. 2008)), the Court finds the insufficiency of the ALJ's analysis of Plaintiff's testimony to be insurmountable. For example, Plaintiff testified that he helps his older relatives with "small things" but that these tasks, which the ALJ explicitly referenced in her decision, "take a little bit longer" and are "stressful jobs on the legs." (AR 49, 52.) Furthermore, the record contains testimony from Plaintiff that his feet swell and he must recline them "at least once an hour for at least 15 to 20 minutes" (AR 50–51); that Plaintiff experience tremors (AR 53); that Plaintiff feels he must take frequent naps during the day (AR 53); that Plaintiff experiences side effects from his medication (AR 51); and that Plaintiff is uninsured, has no income, and relies on his mother to pay his bills (AR 52). The ALJ failed to consider or address any of this information. (AR 52.)

The SSA argues that the ALJ's consideration of Plaintiff's credibility was "sufficient," even though the SSA itself admits that "a longer explanation" than the one offered by the ALJ "is often seen." (Docket No. 12 at 4.) The SSA contends that the ALJ offered certain evidence – including Plaintiff's testimony regarding his daily activities – to show an inconsistency between Plaintiff's statements and the evidence in the record. While this may be true, the Court has no way of knowing. The ALJ failed to show or tell the Court how such evidence directly impacted her credibility finding. An after-the-fact explanation from the SSA's counsel is insufficient and can have no impact on the Court's analysis. *See Keeton v. Comm'r of Soc. Sec.*, 583 F. App'x 515, 524 (6th Cir. 2014) ("In reviewing an ALJ's findings and conclusions, this Court shall not 'accept

appellate counsel's *post hoc* rationalization for agency action in lieu of [accurate] reasons and findings enunciated by the Board.'") (quoting *Hyatt Corp. v. N.L.R.B.*, 939 F.2d 361, 367 (6th Cir. 1991)). The same can be said for the SSA's arguments that Plaintiff failed to cite to medical records to support his complaints of side effects and that record evidence indicates that Plaintiff did not experience those side effects. (Docket No. 12 at 8.) The ALJ failed to make any mention of Plaintiff's side effects, so Plaintiff's failure to cite to particular records that support his complaints or the existence of records that contradict his complaints is irrelevant at this juncture.

While credibility determinations regarding subjective complaints rest with the ALJ, those determinations must be reasonable and supported by substantial evidence. In this instance, the ALJ failed to provide the requisite "logical bridge between the evidence and [her] conclusions." *Collier*, 2018 WL 2193965 at * 2 (quoting *Getch*, 539 F.3d at 480). The Court recognizes that the ALJ's opinion regarding Plaintiff's credibility may have remained the same had the ALJ addressed any or all the evidence described above. Nevertheless, the ALJ did not meet the minimum levels of articulation set forth in the applicable regulations, which, in turn, frustrates this Court's ability to determine whether Plaintiff's disability determination was supported by substantial evidence. *Hardy*, 554 F. Supp. 3d at 906. Because the ALJ has not sufficiently articulated her reasoning, the Court cannot evaluate her decision with the level of process guaranteed to claimants by the SSA. *Id.* at 908. Accordingly, remand is required.

## V.     RECOMMENDATION

For the above stated reasons, it is respectfully RECOMMENDED that Plaintiff's motion for judgment on the administrative record (Docket No. 10) be GRANTED, the Commissioner's decision be REVERSED, and this matter be REMANDED to the SSA for further administrative proceedings consistent with this Report and Recommendation.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(2); Local Rule 72.02(a). Failure to file specific written objections within the specified time can be deemed to be a waiver of the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Cowherd v. Milton*, 380 F.3d 909, 912 (6th Cir. 2004) (en banc). Any responses to objections to this Report and Recommendation must be filed within fourteen (14) days of the filing of the objections. *See* Fed. R. Civ. P. 72(b)(2); Local Rule 72.02(b).

Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge